10-2692-ag
*Jiang v. Holder*                                                           BIA
                                                                    A078 444 655

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand eleven.

PRESENT: GUIDO CALABRESI,
         JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

YE YING JIANG, also known as
YUE YING JIANG,

         *Petitioner,*

    -v.-                                        10-2692-ag
                                                NAC
ERIC H. HOLDER, JR., United States
Attorney General,

         *Respondent.*

_____

FOR PETITIONER:    John Z. Zhang, New York, NY.

FOR RESPONDENT:    Tony West, Assistant Attorney General;
                   Terri J. Scadron, Assistant Director, and
                   Lauren Ritter, Law Clerk, Office of
                   Immigration Litigation, Civil Division,
                   U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Ye Ying Jiang, a Chinese native and citizen, seeks review of the BIA's denial of her motion to reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review BIA decisions on motions to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Jiang's second renewed motion to reopen was untimely because she filed it more than six years after her final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the 90-day timeliness requirement does not apply to motions based on changed country conditions, so long as the new evidence is material, was previously unavailable, and could not have been discovered and presented at the prior hearing. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii). Changed country conditions are distinct from changed personal circumstances. *See, e.g.*, *Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

The BIA did not abuse its discretion by rejecting Jiang's argument of changed country conditions. First, the BIA reasonably discredited Jiang's village committee notice

2

because it was unauthenticated and the immigration judge had previously found Jiang not credible. *See Zheng v. Gonzales*, 500 F.3d 143, 146-48 (2d Cir. 2007). For the same reasons, the BIA reasonably declined to credit Jiang's or her mother's affidavit. *Id.* Second, while Jiang's Falun Gong practice may have changed her *personal* circumstances, it did not change the conditions in China. As a result, it was not an abuse of discretion to find no changed country conditions and to deny Jiang's motion as untimely.

We have considered and reject Jiang's other arguments. Jiang's petition for review is **DENIED** and her pending motion for a stay of removal is **DISMISSED** as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk.